FTB:RMS
F. #2022R00552

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

NOOR NABI CHOWDHURY and
MOHAMMAD MAHMUDUR RAHMAN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

I N D I C T M E N T

Cr. No. _____ **24-CR-466** _____
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
2319C(b)(1), 2319C(c)(1), 2323(b)(1),
2323(b)(2), 1349, 1028A(a)(1), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

**Judge Margo K. Brodie**
**Magistrate Judge Lara K. Eshkenazi**

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    Relevant Individuals and Entities

    1.    The defendant NOOR NABI CHOWDHURY was a resident of Brooklyn, New York until approximately 2019 and thereafter of Cheektowaga, New York.

    2.    The defendant MOHAMMAD MAHMUDUR RAHMAN was a resident of Bangladesh.

    3.    247TVStream was a service that provided online video and sports streaming services. For a subscription fee of as little as $10 per month, 247TVStream enabled its subscribers to view live television and sports programs on their internet-connected devices. However, unlike legitimate streaming services, 247TVStream had not licensed the right to access those programs from the platforms on which they were legitimately offered. The defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN, together with others, operated 247TVStream.

4.      Victim #1, an entity the identity of which is known to the Grand Jury, was a content provider headquartered in New York, New York.

5.      Victim #2, an entity the identity of which is known to the Grand Jury, was a content provider headquartered in New York, New York.

6.      Victim #3, an entity the identity of which is known to the Grand Jury, was a content provider headquartered in Omaha, Nebraska.

7.      Victim #4, an entity the identity of which is known to the Grand Jury, was a content provider headquartered in New York, New York.

8.      Victim #5, an individual the identity of which is known to the Grand Jury, was a resident of Fremont, California.

9.      The Merchant Processors, entities the identity of which are known to the Grand Jury, are companies that handled electronic payment transactions on behalf of 247TVStream, allowing it to accept subscription payments from customers by way of credit card, debit card, or other electronic payment, and then distributing the proceeds into bank accounts controlled by the defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN.

10.     The Financial Institutions, entities the identity of which are known to the Grand Jury, are banks with whom the defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN opened accounts to collect payments distributed by the Merchant Processors and to transfer money through shell companies they controlled.

II.      Additional Background Information

11.     In general, with respect to enabling merchants to accept payments from their customers, a merchant processor relays the payment information to the customer's bank

2

(known as the "issuing bank") and the merchant's bank (known as the "acquiring bank"). The merchant processor confirms from the customer's bank that the payment information is valid. Upon confirmation that the payment information is valid, the merchant processor arranges to have the necessary funds routed from the customer's bank to the merchant's bank, ultimately for the benefit of the merchant.

12. To obtain a merchant processing account, a merchant typically submits an application to the merchant processor, which includes information that allows the merchant processor to assess whether the merchant presents an acceptable risk profile. Among other factors, merchant processors consider the nature of the merchant's business, the merchant's credit history and the merchant's history of chargebacks, which are customer-initiated payment reversals.

III. The Fraudulent Scheme

13. From in or about May 2017 and November 2024, the defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN, together with others, operated 247TVStream, an online subscription-based service that permitted users to stream copyrighted content, such as sports programming and television shows, without the permission of the relevant copyright owners. During that time, CHOWDHURY and RAHMAN willfully and without authorization distributed infringing content, including television and sports programming (the "Video Content"), from dozens of copyright-holders to individuals located throughout the United States. To perpetuate the scheme, CHOWDHURY, RAHMAN and their co-conspirators fraudulently obtained Video Content and subscriber fees from, and at the expense of, the Video Content Providers; money and merchant processing accounts from the Merchant Processors; and money and bank accounts from the Financial Institutions. The

3

estimated harm caused by 247TVStream to television program copyright owners, including Victim #1, Victim #2, Victim #3 and Victim #4, as well as licensed streaming services, is more than $100 million dollars.

a. The Defendants Fraudulently Obtained the Video Content

14. Victim #1, Victim #2, Victim #3 and Victim #4 each operated a digital streaming subscription service that offered subscriptions to live content to its fee-paying subscribers. The live content offered by Victim #1, Victim #2, Victim #3 and Victim #4 is protected by the Copyright Act. Customers who signed up to receive live content services from Victim #1, Victim #2, Victim #3 and Victim #4 are subject to terms of service that are provided to the customer and made available on the website for each. The terms of service for Victim #1, Victim #2, Victim #3 and Victim #4 each provide that the video content can be used only for the subscriber's private non-commercial use and enjoyment and expressly prohibit rebroadcasting or transmitting the content.

15. In addition to the Video Content provided by Victim #1, Victim #2, Victim #3 and Victim #4, the defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN, without authorization, distributed through 247TVStream the copyrighted Video Content of multiple other providers of Video Content (together with Victim #1, Victim #2, Victim #3 and Victim #4, the "Video Content Providers").

16. The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN obtained access to the Video Content, among other ways, by purchasing subscriptions, and causing others to subscribe, to the Video Content Providers' services.

17.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN did not at any point disclose to the Video Content Providers that, in subscribing to and accessing the Video Content Providers' services, they intended to copy, transmit and stream the Video Content to thousands of their own subscribers.

b.   The Defendants Fraudulently Distributed the Video Content to Paid 247TVStream Subscribers

18.     After they fraudulently obtained the Video Content from the Video Content Providers, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN established multiple websites that allowed 247TVStream subscribers to access the Video Content as well as to submit inquiries and requests.

19.     In order to distribute the Video Content, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN rented server space to host the websites for 247TVStream.

20.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN did not seek or obtain authorization from the Video Content Providers, copyright holders or licensees to distribute, transmit, copy or stream the Video Content.

21.     247TVStream offered an Apple application called 247 IPTV Player that allowed subscribers to access the Video Content from various devices.   In connection with obtaining that application, on or about May 21, 2018, the defendant NOOR NABI CHOWDHURY accepted terms of service from Apple that prohibited using the application to violate the law or infringe on the intellectual property rights of a third party.   CHOWDHURY was listed as the developer of the application, and the corresponding Apple developer account was registered to CHOWDHURY's residence in Brooklyn, New York.

5

22.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN publicized 247TVStream by purchasing subscriptions to advertising services that sent email and SMS communications to recruit potential subscribers to 247TVStream.

c.  The Defendants Fraudulently Obtained and Processed Subscription Fees

23.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN collected more than $7 million in subscriber fees from subscribers to 247TVStream.

24.     To accept those subscriber fees, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN applied for and, in some cases, obtained merchant processing accounts with the Merchant Processors.   To conceal the true nature of 247TVStream, CHOWDHURY and RAHMAN falsely described, and caused to be falsely described, the nature of 247TVStream and the identity of its owners on applications to the Merchant Processors.

25.     To collect the proceeds from 247TVStream, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN applied for, and in some cases, obtained, accounts with the Financial Institutions.   To conceal the true nature of 247TVStream, CHOWDHURY and RAHMAN falsely described, and caused to be falsely described, the nature of 247TVStream and/or the identity of its owners on documentation submitted to the Financial Institutions.

26.     To conceal the true nature of 247TVStream, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN established shell companies and used existing shell companies to open accounts with the Financial Institutions and to create

6

accounts with the Merchant Processors.   These shell companies included, but are not limited to, ASP International Inc. ("ASP International"), AME Soft LLC ("AME Soft"), and GPL Hat LLC ("GPL Hat").

27.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN made electronic payments from bank accounts that they controlled, sometimes associated with shell companies they controlled, to pay for infrastructure in furtherance of 247TVStream, such as payments for server space.

28.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN initiated electronic wire transfers between bank accounts that they controlled, sometimes associated with shell companies, including electronic wire transfers directly between bank accounts controlled by CHOWDHURY and RAHMAN.

29.     To conceal the true nature of 247TVStream, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN obtained the means of identification of Victim #5 and caused fraudulent identification documents to be made bearing the means of identification of Victim #5.   CHOWDHURY and RAHMAN, together with others, used the fraudulent means of identification of Victim #5 to open accounts with the Merchant Processors, the Financial Institutions and other entities.

<u>COUNT ONE</u>
(Conspiracy to Commit Illicit Digital Transmission Services)

30.     The allegations contained in paragraphs one through 29 are realleged and incorporated as if fully set forth in this paragraph.

31.     In or about and between May 2017 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN,

7

together with others, did knowingly and intentionally conspire to willfully, and for purposes of commercial advantage and private financial gain, offer and provide to the public a digital transmission service that is primarily designed and provided for the purpose of publicly performing works protected under Title 17 of the United States Code by means of digital transmission without the authority of the copyright owner or the law, in violation of Title 17, United States Code, Section 506, and Title 18, United States Code, Section 2319C.

32. In furtherance of the conspiracy and to accomplish its objects, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN, together with others, committed and caused the commission of the following, among others:

## OVERT ACTS

(a) On or about May 26, 2017, CHOWDHURY registered an account, listing an address in Brooklyn, New York, with a server-hosting company to rent server space for websites used to provide 247TVStream subscribers with access to the Video Content.

(b) On or about March 13, 2019, RAHMAN caused AME Soft to be incorporated with the Delaware Division of Corporations.

(c) On or about August 26, 2019, CHOWDHURY used Victim #5's means of identification without Victim #5's knowledge and consent to open an account with one of the Merchant Processors in the name of GPL Hat.

(d) On or about August 27, 2019, RAHMAN caused GPL Hat to be incorporated with the Delaware Division of Corporations by submitting fraudulent identification documents bearing Victim #5's personal identifying information without Victim #5's knowledge and consent and falsely identifying Victim #5 as Chief Executive Officer.

(e)     On or about July 12, 2022, CHOWDHURY and RAHMAN approved a six-month subscription to 247TVStream to begin for a law enforcement agent acting in an undercover capacity within the Eastern District of New York.

(f)     On or about May 31, 2024, CHOWDHURY and RAHMAN caused a program to be digitally transmitted in the Eastern District of New York without the authority of the copyright owner, namely, Victim #1, or the law.

(g)     On or about June 1, 2024, CHOWDHURY and RAHMAN caused a program to be digitally transmitted in the Eastern District of New York without the authority of the copyright owner, namely, Victim #4, or the law.

(h)     On or about June 2, 2024, CHOWDHURY and RAHMAN caused a program to be digitally transmitted in the Eastern District of New York without the authority of the copyright owner, namely, Victim #3, or the law.

(i)     On or about October 24, 2024, CHOWDHURY and RAHMAN caused a program to be digitally transmitted in the Eastern District of New York without the authority of the copyright owner, namely, Victim #2, or the law.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWO
(Illicit Digital Transmission Services)

33.     The allegations contained in paragraphs one through 29 are realleged and incorporated as if fully set forth in this paragraph.

34.     In or about and between May 2017 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN, together with others, did willfully, and for purposes of commercial advantage and private

9

financial gain, offer and provide to the public a digital transmission service that was primarily designed and provided for the purpose of publicly performing works protected under Title 17 of the United States Code by means of digital transmission without the authority of the copyright owners, including, but, not limited to, Victim #1, Victim #2, Victim #3 and Victim #4, or the law.

(Title 18, United States Code, Sections 2319C(b)(1), 2319C(c)(1), 2 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Commit Wire Fraud)

35.    The allegations contained in paragraphs one through 29 are realleged and incorporated as if fully set forth in this paragraph.

36.    In or about and between May 2017 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud and obtain money from one or more of the Video Content Providers, Merchant Processors and Financial Institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted, by means of wire communications in interstate commerce, one or more writings, signs, signals, pictures and sounds, to wit: electronic transmissions submitted through the Video Content Providers, Merchant Processors and Financial Institutions, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT FOUR
(Aggravated Identity Theft)

37. The allegations contained in paragraphs one through 29 are realleged and incorporated as if fully set forth in this paragraph.

38. In or about and between May 2017 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN, together with others, during and in relation to the crime charged in Count Three, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of a person, to wit: the name of Victim #5, knowing that the means of identification belonged to Victim #5.

(Title 18, United States Code, Sections 1028A(a)(1), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

39. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance Title 18, United States Code, Section 2323(b)(1), of: (a) any article, the making or trafficking of which is prohibited under Title 17, United States Code, Section 506; Title 18, United States Code, Section 2318, 2319, 2319A, 2319B or 2320; or chapter 90 of Title 18 of the United States Code; (b) any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offense; or (c) any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense.

40. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

11

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2), to seek

forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Sections 2323(b)(1) and 2323(b)(2); Title 21,

United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

41.    The United States hereby gives notice to the defendants that, upon their

conviction of the offense charged in Count Three, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), which require any person convicted of such offense to forfeit any

property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly

as a result of such offense.

42.    If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

12

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

/s/

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

13